## Employment Certificates for Minors

ARNOLD, Deputy Attorney General, November 28, 1933.—You have asked us to advise you on two questions which may be summarized as follows:

1. May the Superintendent of Public Instruction, under section 1416 of the School Code of 1911, as last amended by the Act of May 20, 1921, P. L. 1034, prohibit the employment of children between the ages of 14 and 16 years in homes other than their own, during school hours?

2. In view of the provisions of the Child Labor Law of May 13, 1915, P. L. 286, and of the NRA regulations, would an official legally authorized to issue employment certificates be justified in refusing to issue employment certificates for minors 14 to 16 years of age who wish to engage in industrial employment?

1. Section 1416 of the School Code of 1911, as amended by the Act of May 20, 1921, P. L. 1034, provides as follows:

"The provisions of this act requiring regular attendance shall not apply to any child, between the ages of fourteen and sixteen years, who has completed a course of study equivalent to six yearly grades of the public school, and is regularly engaged in any useful and lawful employment or service during the time the public schools are in session, and who holds an employment certificate issued according to law; nor shall the said provisions apply to any child, between the ages of fourteen and sixteen years, engaged in farm work or domestic service in a private home on a permit issued by the school board or the designated school official of the school district of the child's residence, in accordance with regulations which the Superintendent of Public Instruction is hereby authorized to prescribe."

The foregoing language creates a definite exemption in favor of children between the ages of 14 and 16 years who are employed in private homes under proper permits. The grant of authority to the Superintendent of Public Instruction to prescribe regulations was not intended to permit him practically to abolish the exemption. A regulation which would forbid the issuance of a permit for employment in domestic service in any home other than the child's own home would largely produce that result.

Therefore, we advise you that it would not be proper to attempt to enforce any such prohibition as is suggested by your first question.

2. The Child Labor Law of May 13, 1915, P. L. 286, provides for the issuance of employment certificates permitting the employment of children between the ages of 14 and 16 years under prescribed conditions. The requirements for obtaining an employment certificate are set forth in considerable detail. Prima facie, a child who complies with all the requirements of the act and who is about to enter employment is entitled to a certificate.

However, the President's Reëmployment Agreement, commonly known as the Blanket Code, promulgated under the National Industrial Recovery Act, bans the employment of minors under the age of 16 years except in limited capacities. Specific codes for various industries have included a similar provision.

However, the application of these codes to specific cases frequently involves honest differences of opinion, both as to law and fact. We do not believe that school authorities who are charged with the duty of issuing employment certificates should be injected into any such disputes by a general refusal to issue permits for any industrial employment. But it would be entirely proper and consistent with a desire to coöperate with the Federal Recovery Administration to limit the issuance of permits for industrial employment to cases in which the prospective employer shall certify in writing that the contemplated employment of the minor is not in violation of any code, agreement, or license prescribed, issued, or approved by the President under the National Industrial Recovery Act.

To summarize:

The Superintendent of Public Instruction may not forbid the issuance of a permit under section 1416 of the School Code for domestic employment solely on the ground that the employment is to be in a home other than the child's own home.

School authorities who have the duty of issuing employment certificates should not refuse to issue them simply because the proposed employment is of an industrial nature; but they may require, as a condition precedent to the issuance of the permit, that the prospective employer certify in writing that the contemplated employment is not in violation of any NRA code, agreement, or license.

From C. P. Addams, Harrisburg, Penna.